Filed 8/19/20  P. v. Campos CA1/5
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>RIGOBERTO Z. CAMPOS,<br><br>　　　Defendant and Appellant. | A159788<br><br>(Alameda County<br>Super. Ct. No. 135839) |

Rigoberto Z. Campos appeals from the trial court's summary denial of his Penal Code section 1170.95 petition.[1]  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2000, a jury convicted Campos of first degree murder (§ 187) and found true an allegation he personally used a firearm in the commission of the offense (§ 12022.5).  The court sentenced Campos to state prison.  Campos appealed the conviction.

This court affirmed.  (*People v. Campos* (Aug. 7, 2002, A093213) [nonpub. opn.].)  Our opinion, which we incorporate by reference here, described the circumstances of the crime.  It noted Campos's wife was having an affair with the victim; Campos spotted the victim, approached him, and

---

[1] Undesignated statutory references are to the Penal Code.

1

"shot" him.  Campos discarded his bloody shirt and a gun, then fled to Chicago.  In a recorded police interview, Campos admitted shooting the victim during a physical altercation but claimed he acted in self-defense.  At trial, Campos testified the gun discharged accidentally.

In 2019, Campos petitioned for resentencing pursuant to section 1170.95.  He alleged he was convicted of felony murder and that he "could not now be convicted [of murder] because of changes to . . . section 189."  In a supporting declaration, Campos averred "new or additional evidence" demonstrated he was not the "actual killer" and did not act with the intent to kill.  Campos explained the circumstances surrounding the crime and—as he did at trial—averred the gun went off accidentally during a struggle with the victim.  The declaration attached evidence purportedly showing Campos acted in self-defense and/or that the shooting was accidental.

The court summarily denied the petition, concluding Campos failed to make a threshold showing of entitlement to relief.  After considering the court file—including the jury instructions and our opinion in the prior appeal—the court determined section 1170.95 relief was unavailable because Campos "was not convicted of murder under a felony-murder or natural and probable consequences aider and abettor theory."  It explained that even if Campos had been convicted under such a theory, "relief . . . would still be unavailable" because Campos "was the actual killer."

Campos appealed.  Appointed counsel filed a brief asking this court to review the record to determine whether there are arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Campos filed a supplemental brief.

2

DISCUSSION

When a defendant appeals the denial of postconviction relief, we have "no independent duty to review the record for reasonably arguable issues." (*People v. Cole* (Aug. 3, 2020, B304329) __Cal.App.5th__ [2020 WL 4435275, p. *8].) If the defendant files a supplemental brief, we evaluate arguments presented in the brief and issue an opinion disposing of the trial court's order on the merits. (*Ibid.*) Here, Campos has filed a supplemental brief arguing he was entitled to section 1170.95 relief because he did not act with malice aforethought and "was not the actual killer per se." Campos points to evidence that he claims shows the firearm used to murder the victim was registered to the victim; Campos also attempts to discredit the prosecutor's theory of the case.

Campos's arguments are, in effect, a challenge to the sufficiency of the evidence supporting the conviction; they do not persuade us the court erred by summarily denying the section 1170.95 petition. Campos was ineligible for relief under section 1170.95 as a matter of law: he admitted shooting and killing the victim, and the jury found he personally used a firearm in the commission of the offense. Section 1170.95 "does not provide relief to a 'person [who] was the actual killer.' " (*People v. Cole, supra,* __Cal.App.5th__ [2020 WL 4435275, at p. *2].)

Even if the court erred by denying the petition without appointing counsel and holding a hearing, Campos cannot demonstrate prejudice under any standard of review because he is ineligible for relief as a matter of law. Thus, remand for the appointment of counsel and a hearing on the petition would be futile.[2]

---

[2] The California Supreme Court is considering (1) whether a trial court can rely on the record of conviction to conclude a defendant has failed to make a prima facie showing of eligibility for relief under section 1170.95 and

3

DISPOSITION

The order denying the section 1170.95 petition is affirmed.

---

(2) when the right to appointed counsel arises under that statute. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598.)

_____

Jones, P. J.

WE CONCUR:


_____

Simons, J.


_____

Burns, J.

A159788